Opinion by
Orlady, J.,
The plaintiff subdivided a tract of 100 acres into a residential project, called the “Oakmont Heights Plan of Lots ” and had a map of this duly adopted and recorded in the recorder’s office in Allegheny county. On the margin *76 of the map there is the following notice and declaration, “Building restrictions: Forty foot building lines; only one residence on each lot, no outbuildings on ‘H’ street lots within 80 feet of any street; no outbuildings on £G’ street corner lots within 50 feet of either street; residences to cost not less than $4000. These restrictions to expire January 1, 1950.” The plan showed the lots to have an average frontage of 150 feet and depth of from 250 to 300 feet. It further showed" on each side of all the streets a dotted line, which was marked to the scale, forty feet back from the street line and parallel with it, marked with the words and figures: “Building line 40'.”
The court below found as facts, that the defendant acquired title to lot No. 50, through various mesne conveyances, in all of which there was a covenant that title to the property was taken “subject to all building restrictions appearing upon the face of said Oakmont Heights Plan of lots recorded as aforesaid, such restrictions being placed upon all the lots of said plan for the common benefit of all said lots, and as a part of the consideration mentioned herein.”
The defendant constructed on his lot a brick dwelling house, the front or building wall of which was forty feet from the line of the street, and between the house line and the street was a porch about seventy-seven feet long, projecting from the wall of the house toward the street of a width of nine feet. The porch was built on a concrete foundation of like character to that under the house. At each end of the porch columns support a roof which is attached to the house, and form an open construction of roof and columns to cover the ends of the porch. In front of the main entrance and extending from the house wall, about half the width of the porch, there is the construction about which this controversy depends, and it appears by the evidence, is found by the court as a fact, and conceded at bar on argument, that the porch construction as such is not objectionable to the plaintiff, and he does not complain of its being a violation of the building restriction. *77 The plaintiff further agreed that the four decorative columns of a diameter of twenty inches each “of the vestibule may remain as a part of the porch.” The vestibule as it is designated on the plan, is constructed of wood and concrete plaster, having in its front or face four pillars, and is over all, six feet in width from the house wall, and seventeen feet long in the line of the porch and about' fifteen feet high, so that the porch extends about three feet beyond it in the direction of the street.
From the plan and photograph submitted it clearly appears that the porch is the greater violation of the building restriction, if either is of that character, and when the plaintiff seeks relief in equity by a mandatory injunction to remove a permanently built part of a dwelling house, he should show a clear and substantial violation of his building restriction, and when he waives his objection to the larger and more prominent part of his complaint, his reasons should be convincing, and his damage apparent. In this he has entirely failed.
It is not every purely technical violation of a covenant or duty that a court sitting in equity will enjoin. There must be some substantial injury, as stated in Richards’ App., 57 Pa. 105, “It is elementary law, that in equity a decree is never of right, as a judgment at law is, but of grace. Hence the chancellor will consider whether he would not do a greater injury by enjoining than would result from refusing, and leave the party to his redress at the hands of a court and jury.” See also Messner v. Railway Co., 13 Pa. Superior Ct. 429; Berkey v. Coal Min. Co., 220 Pa. 65; Wahl v. Cemetery Asso., 197 Pa. 197.
The plaintiff’s contention would with equal merit embrace the steps to the house, the cornice, window hoods, awnings and decorative trimmings that extended a fraction beyond the alleged building line.
We adopt the reasoning of the learned court below “If the uncertain significance of the restrictive words be most liberally construed, they would apply to the main building line, and do not constitute such a restrictive *78 covenant as would forbid a reasonable porch extending ■but four to six feet beyond the building. The plan and covenant may perhaps be possible of construction to prohibit outbuildings, but not in prohibition of ornaments or mere reasonable ornamental structures which conform to the building.”
Conceding all that is urged by the appellant as to the' facts, and the binding force of the covenant, the suggested injury is so trifling and indefinite that the extraordinary relief he seeks should be denied him: Mint Realty Co. v. Wanamaker, 231 Pa. 277.
The decree is affirmed.