## Law *v.* Weeter, Appellant.

*Deeds—Building restrictions—Covenants—Porch.*

Where the titles to several dwelling houses in a row, contain a building restriction that the front of each house shall not be nearer than fifteen feet from the street, one of the owners will be enjoined in a suit in equity brought against him by his neighbors, where it appears that he built an addition to his house within the prohibited area, described by the court as follows: "The structure consists of three brick piers eighteen inches square, extending as high as the building, which is three stories, and on the two upper stories, supported by the piers, are two open balconies or

porches; and on the ground floor there is an inclosure of wood and glass, making a permanent room, connected with the main house, and, since its completion is and has been used as a part thereof. This room obstructs light, air and prospect, and mars the appearance and uniformity of the street, and deprives the plaintiffs of the light, air and prospect theretofore enjoyed by them."

In such a case it is immaterial that the plaintiffs and defendant had maintained open porches beyond the fifteen-foot building line.

Argued April 30, 1917. Appeal, No. 31, April T., 1917, by defendant, from decree of C. P. Allegheny Co., July T., 1915, No. 1566, on bill in equity in case of Willis B. Law and Robert B. Mitchell v. Albert C. Weeter. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for an injunction.

MACFARLANE, J., found the facts to be as follows:

Each of plaintiffs are owners of adjoining lots, and filed this bill to enjoin the defendant from erecting on his adjoining lot an enclosed porch in front of the building line.

FINDINGS OF FACT.

First. Plaintiff, Law, has been for some years the owner of lot No. 70, Mitchell of lot No. 69, and the defendant of lot No. 71 in the Milligan Manor plan of lots, recorded in 1899, upon which appears a building line on the great majority of the lots. The lots upon which the line is indicated, including 69, 70 and 71, are subject to a restriction as follows: "The following easements are annexed to said described lot as easements appurtenant thereto, viz: No house shall be erected upon said lot costing less than fifteen hundred ($1,500) dollars, and the front thereof shall not be nearer than fifteen (15) feet from said Melrose street."

Second. The front of Weeter's house, not including an open porch, was set back twenty feet from Melrose

street.  Law then erected his on the same line, and Mitchell built his on the fifteen-foot line, open frame porches on the plaintiffs' lot extending in front of the fifteen-foot line.  The defendant recently extended the front of his house five feet, bringing it to the fifteen-foot line, and he then erected in front thereof the structure of which complaint is here made.

Third.  The structure consists of three brick piers eighteen inches square extending as high as the building, which is three stories, and on the two upper stories, supported by the building and piers, are two open balconies or porches, and on the ground floor there is an enclosure of wood and glass, making a permanent room connected with the main house and, since its completion, is and has been used as a part thereof.  This room obstructs light, air and prospect and mars the appearance and uniformity of the street, and deprives the plaintiffs of the light, air and prospect theretofore enjoyed by them.

Fourth.  Prior to the construction of this enclosed room by the defendant, the lot owners throughout the plan had erected their houses on or back of the fifteen-foot line with no structures in front except open porches.

The appearance of defendant's home is shown by the cut on following page (26).

The court entered a decree in favor of the plaintiffs.

*Error assigned* was the decree of the court.

*Carl D. Smith,* with him *R. E. Anderson,* for appellant.—The structure complained of is a porch.  It does not cease to be a porch simply because it is enclosed from the weather: Ogontz Land Co. v. Johnson, 168 Pa. 178.

*Samuel J. McKim,* for appellee.—The structure put up by defendant was not a porch: Crittenden v. Reddington, 16 Dist. Rep. 657; McGillick v. Hasley, 16

Dist. Rep. 44; Vetter v. Flaherty, 4 Lack. Leg. News 175; Cook v. Buckholtz, 62 P. L. J. 289; Murphy v. Ahlberg, 252 Pa. 267; Ogontz Land, Etc., Co. v. Johnson, 168 Pa. 178; Englander v. Apfelbaum, 56 Pa. Superior Ct. 145; Landell v. Hamilton, 175 Pa. 327; Landell v. Hamilton, 177 Pa. 23.

OPINION BY ORLADY, P. J., July 13, 1917:

These plaintiffs, without objection, joined in a bill in equity to restrain the defendant from maintaining a specified addition to his dwelling house, and after hearing on bill, answer and proofs the court directed that the construction as defined in the testimony should be removed; and that he be perpetually restrained from enclosing the defined addition to the house with panelling, glass, or in any other manner. The properties of the plaintiffs and the defendant front on a public street, and in their several titles, each is subject to a building restriction as follows: "The following easements are annexed to said described lot as easements appurtenant thereto, viz, No house shall be erected upon said lot costing less than fifteen hundred dollars ($1,500), and the front thereof shall not be nearer than fifteen feet (15) from said Melrose street."

The proper construction to be placed on such a building restriction, very frequently depends not only upon the phraseology of the particular restriction, but it is to be considered in connection with the nature, character, size, purpose, etc., of the project in question, with a common sense interpretation to be placed upon the words used under the particular facts of the case.

These three adjoining properties were so located as to form a separate block, having a twenty-foot alley on the side of the Weeter lot, and a like alley on the side of the Mitchell lot, the Law lot being between these. When the dwelling house was erected on the Weeter lot, it was set back twenty feet from Melrose street. Law then erected his house, and conformed to this twenty-foot building

line, and Mitchell built his house to front on the fifteen (15) foot line. Each of the property owners erected, apparently by the consent, at least without any objection from the others, open frame porches in front of their respective buildings.

Recently the defendant Weeter, extended the front of his house a distance of five (5) feet, bringing the front wall of his building up to the fifteen (15) foot restricted building line, and afterwards proceeded to erect as an addition thereto a building, which is found by the court to be as follows: "The structure consists of three brick piers eighteen inches square, extending as high as the building, which is three stories, and on the two upper stories, supported by the piers, are two open balconies or porches; and on the ground floor there is an inclosure of wood and glass, making a permanent room, connected with the main house, and, since its completion is and has been used as a part thereof. This room obstructs light, air and prospect, and mars the appearance and uniformity of the street, and deprives the plaintiffs of the light, air and prospect theretofore enjoyed by them."

The appellant urges that this construction, as made by him, is nothing more than a porch; that as such, it is not prohibited by the restriction in the deed, and Ogontz, Etc., Land Company v. Johnson, 168 Pa. 178, is relied on to sustain this view.

In that case, Mr. Justice MITCHELL said, "Whether a porch or piazza attached to a dwelling is a building or a constituent part of the dwelling depends on the manner of its construction, and the uses to which it is to be applied, but we do not think the fact of its being open or enclosed is the ruling factor. It is one item of evidence only, and each case must depend on its own circumstances as shown by the whole evidence.......The fact that it is open at the sides and in front, will not save it from being an obstruction to light, air, and uniformity of effect, and as such, contrary to the restrictions."

The question was presented in Willock v. Arensberg,

51 Pa. Superior Ct. 73, in which we held, that it is not every purely technical violation of a covenant or duty that a court sitting in equity will enjoin; there must be some substantial injury. See also Reading City v. Yeager, 62 Pa. Superior Ct. 268.

When they erected the dwelling houses on their lots, these three neighbors, placed their own interpretation on their title and the restriction by keeping their buildings back of the fifteen (15) foot building line, and claimed no more than an open porch addition thereto. In doing this neither one, could be said to have assented to a further encroachment than was then made, or that the building line as fixed in their respective deeds was abrogated by consent of any adjoining owner. These plaintiffs are clearly within their rights in seeking to restrain this defendant from further encroachment on the easement common to the three parties. The name by which it may be called does not answer the case. Its extent, character of construction, intended uses, and general effect on neighboring properties are to be considered.

After examination of the testimony in this case, we agree with the conclusion reached by the learned trial judge in holding, that the structure in front of defendant's building is not a porch, within the meaning placed on the covenant by the lot owners or by their subsequent conduct; it is an enclosed room,—an integral part of the house, and the front of the house is now the front of this room. Appellant's contention would justify the closing in of the second and third story balconies or piazzas, and utilizing that additional space for general occupancy. Such a construction would be unreasonable. The first floor, as now arranged, under the name of a porch, adds to the building proper a room or apartment, ten (10) feet wide, twenty-one (21) feet long with solid brick piers for the outside supporting walls. Whether the construction between these piers be built in with brick, wood or glass, would be only a matter of taste of the owner. Under the interpretation as urged by the

defendant, the front of his house would be the inside line of what he calls his porch, and the improvement of the second and third stories by a like construction would be warranted, if the first story erection is justified, and would entirely ignore the building line restriction.

The assignments of error are overruled, the decree of the court below is affirmed.