## Blanarik Appeal.

Argued October 7, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harold L. Roth*, for appellant.

*Earl J. Schermerhorn*, with him *Smith & Schermerhorn*, for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 9, 1953:

The Board of Commissioners (formerly the Board of Supervisors) of Harmony Township, Beaver County, appeal from an order of the court below directing the Board to issue a building permit to Stefan J. Blanarik.

Blanarik owns a tract of land in the township on which is erected a building containing a small grocery store in the front and dwelling quarters in the rear. On August 25, 1948, the Supervisors enacted a zoning ordinance which divided the township into four types of districts, R-1 Residential, R-2 Residential, Business, and Industrial, and it was provided that the boundaries

of these districts should be as shown upon the map attached to and made a part of the ordinance. Inspection of the map reveals that the limits of each such district are clearly designated thereon, but, curiously enough, there appear seven extremely small areas at scattered points in the R-1 Residential district marked "Commercial" (this being admittedly synonymous with "Business"). The areas thus marked were evidently meant to designate the neighborhood stores which were already in operation at the time of the enactment of the ordinance, among them being that conducted by Blanarik,—a somewhat clumsy attempt to indicate the properties which, although situated in a wholly R-1 Residential district, did not conform to the zoning requirements of such a district as established by the ordinance. It was certainly not intended that these seven small areas were to constitute "regular" Business districts within the terms of the ordinance applying to such districts, for not only would such "spot zoning" have been wholly unjustified but the map itself contains a notation limiting these neighborhood store areas to the lines of the properties as recorded in the Recorder's office of the county, while the section of the ordinance (section 402) referring to these neighborhood stores expressly provides that they must conform with the building requirements stipulated for R-1 Residential districts.

Blanarik petitioned the Board of Supervisors for a building permit to enlarge his building by an addition of 10 feet in width and 58 feet in length. At a joint meeting of the Board of Supervisors and the Board of Adjustment of the Township this application was refused. He then asked the Board of Adjustment for a special exception or variance from the requirements of the ordinance but this application was also refused. He then appealed to the Court of Common

Pleas which ordered the Board of Supervisors to issue the permit. The court's decision was predicated upon the proposition that, because the zoning map designated the area of Blanarik's property as "Commercial," he was entitled to the rights and privileges pertaining to a regular Business district, and, since a property owner in such a district could erect a store building or enlarge an existing one, Blanarik was equally entitled. For the reasons already stated we are not in accord with this view. But Blanarik did enjoy a non-conforming use of his property at the time the zoning ordinance went into effect. The ordinance provides (section 1000) that such a use shall not be extended or enlarged except when authorized as a special exception.* Blanarik's application for such an "exception" should have been granted, and in our opinion the action of the Board of Adjustment in refusing it was arbitrary and constituted an abuse of discretion. Apparently Blanarik required some additional room for the normal increase of his business and it would be imposing a wholly unnecessary hardship upon him to prevent his taking advantage of that increase, while, on the other hand, the proposed extension to his building could not, in the remotest degree, be contrary to the public interest or militate against the general purpose of the ordinance; indeed the Board of Adjustment did not give any meritorious reason whatever for their action. Happily, counsel for the Board of Commissioners announced at the time of argument that his clients were now willing to grant Blanarik's application for the permit if allowed as a special exception for the enlargement of a non-conforming use and not on the ground that Blanarik's property was located in

---

* The proper term would have been "variance" rather than "exception."

a regular Commercial district within the intendment of the zoning ordinance.

The order of the court below is affirmed.