## Fagan, Appellant, *v.* Zoning Board of Adjustment.

Argued April 18, 1957. Before JONES, C. J., MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*William Cohen,* for appellants.

*Leonard L. Ettinger,* Deputy City Solicitor, with him *Gordon Cavanaugh,* Assistant City Solicitor, *David Berger,* City Solicitor, *Lenard L. Wolffe,* Assistant City Solicitor and *James L. Stern,* Deputy City Solicitor, for appellee.

OPINION BY MR. JUSTICE ARNOLD, May 27, 1957:

This appeal involves the narrow issue as to whether the court below erred in affirming the action of the Philadelphia Zoning Board of Adjustment refusing appellants' application for a variance.

The case comes before us on the broadest form of certiorari, since the Enabling Act of May 6, 1929, P.L. 1551, 53 PS §3822 et seq. is silent regarding appeals. As stated in *Garner v. Zoning Board of Adjustment,* 388 Pa. 98, 130 A. 2d 148, at page 100, our scope of review is to determine ". . . if the evidence sustains the findings of the court below, or if there is a manifest abuse of discretion or violation of law. . ." See also *Schmidt v. Philadelphia Zoning Board of Adjustment,* 382 Pa. 521, 114 A. 2d 902; *Walker v. Zoning Board of Adjustment,* 380 Pa. 228, 110 A. 2d 414.

Since 1946 the appellants have occupied the premises located at 2500-2502 Ridge Avenue, Philadelphia, in an area designated as "A" commercial. In March, 1956, they acquired the adjoining building at 2504 Ridge Avenue and applied for a permit to raze the existing three-story building and for a variance to erect thereon a one-story building. A variance was necessary, since the proposed structure would occupy 100% of the lot. This addition was to be used in the expansion of their business as well as to provide personal facilities for their employes.

The Philadelphia General Code of Ordinances, Sections 14-303 (3), (b) and (g), regulates the "open areas" required for proposed structures in "A" Commercial zones. Subsection (g) requires at least an eight foot rear yard minimum depth, and subsection (b) requires the "open area" to constitute at least 20% of the total square footage of lots. As previously stated, the proposed structure would utilize 100% of the lot, and leave no "open area."

It is within the police power to regulate "open area" zoning, and the validity of such regulation cannot be questioned. The Enabling Act expressly granted such power to zone for the purpose of promoting the health, safety, morals and general welfare of the community. In a highly commercialized and industrialized society, it is necessary that municipalities have power to regulate "open area" zoning so as to maintain the orderly function of metropolitan living. To declare otherwise would indeed be injurious to the health, safety and welfare of our citizens. It would unnecessarily subject them to the inhalation of noxious odors and gases; overcrowding of certain areas; denial of natural light; restricting the uses of accessible fire lines; impeding street expansion programs; and many other evils too numerous to mention. See *Euclid v. Ambler Realty*

*Co.,* 272 U.S. 365, where the United States Supreme Court sustained the validity of "open area" zoning.

But appellants argue that the premises at 2500-2502 are a non-conforming building, having been erected prior to the enactment of the aforesaid "open areas" ordinances, and the new structure should be permitted because the Philadelphia Code, Section 12-104 (8) provides that ". . . any non-conforming building in any commercial . . . district, which is non-conforming because of its area [as in this situation] or height *may be extended in height.....*" (Italics supplied). Obviously this section can be of little comfort to them, since it clearly sets forth only that a non-conforming building may be extended in "height," not in "area." To state otherwise would be contrary to the language of the ordinance.

In *Silverco, Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A. 2d 147, at pages 503 and 504, opinion by Mr. Justice BELL, this Court declared that "In order to obtain a variance . . . a *petitioner must prove* (1) the variance will not be contrary to the public interest; and (2) *unnecessary* hardship will result if it is not granted . . . [citing cases]." Here the record fails to prove either of the two requirements. The appellants purchased the property with full knowledge of the zoning designation and permissive uses of the property.[1] Furthermore, as the Zoning Board found, to permit the variance would be inimical to the public interest, as all the remaining buildings on Ridge Avenue have rear yards on 25th Street through Montgomery Avenue.

Appellants contend this situation is controlled by

---

[1] This information is required to be disclosed to all purchasers in cities of the first class under the Act of July 27, 1955, P. L. 228, §1 et seq., 21 PS §611 et seq. See *Devereux Foundation, Inc., Zoning Case,* 351 Pa. 478, 41 A. 2d 744.

*Blanarik Appeal*, 375 Pa. 209, 100 A. 2d 58, *Peirce Appeal*, 384 Pa. 100, 119 A. 2d 506; and *Mack Zoning Appeal*, 384 Pa. 586, 122 A. 2d 48. It is sufficient to say that these cases are clearly distinguishable from the instant case. As pointed out by the learned court below: "Those cases held that a non-conforming use may be increased in extent and scope by natural expansion and growth of trade. *The instant case, however, does not involve a non-conforming use, but a non-conforming building.* It is obvious that the fact that the building at 2500-2502 [2] Ridge Avenue does not conform to the Zoning Ordinance requirements with respect to minimum rear yard and open space, does not confer upon the owner the right to erect upon an adjoining lot subsequently purchased an additional non-conforming building." (Italics supplied).

Having examined the record, we are convinced that the evidence sustains the findings of the court below, and fails to disclose any misapplication of law or abuse of discretion.

Judgment affirmed.

---

[2] The lower court's printed opinion indicates "5200-5202 Ridge Avenue," which is an obvious error.