## Yocum Zoning Case.

Argued April 23, 1958.   Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*William J. Fahey,* Solicitor, for Kingston Borough, appellants.

*John H. Hibbard,* for appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May 26, 1958:

On September 15, 1925 Albert O. Yocum and wife, appellees, purchased a vacant lot—thirty-five feet in width and one hundred twenty-seven feet in depth—on West Walnut Street, Kingston Borough, Luzerne County.   Their deed—similar to deeds of other property owners in the neighborhood—contained a restrictive covenant that "no building shall be erected . . . which shall approach the front line of said lot nearer than twenty-five feet except porches and steps which may extend within fifteen feet."

Immediately subsequent to the purchase of this lot appellees constructed a two-story frame single family dwelling.   The edge of the westerly front half of the building—an extension of the first floor living room—was approximately seventeen feet from the street line.   The edge of the easterly front half of the building was approximately twenty-five feet from the street line

although a porch extended from that point approximately eight feet so that the front edge of the porch was approximately seventeen feet from the street line. The entire front line of the building—the front edge of the extended living room on the westerly side and of the porch on the easterly side—was approximately seventeen feet from the street line.

Approximately three years after construction of appellees' building the Borough of Kingston adopted a zoning ordinance which classified the area in which appellees' property was located as a U-5 District, a residential district somewhat less restricted than other residential districts in the borough. This ordinance required a front yard building line or "set back" of not less than twenty feet and a side yard building line or "set back" of not less than four feet. Appellees' building, although in conformity with the use type of buildings prescribed by the ordinance, failed to conform either with the front yard or side yard "set back" requirements.

Approximately fifteen to eighteen years ago appellees converted their single family dwelling into a two-family dwelling with an apartment located on each of the two floors, a conversion which required an addition to the rear of the building.[1] The propriety of the use of the building as a two-family dwelling in the zoned district is admitted. Upon completion of this conversion the edge of the second floor front remained un-

---

[1] Appellees contend that they received a permit to effect this conversion from the then Building Inspector, now deceased, and that the conversion contemplated not only an addition to the rear of the building but also the precise addition presently contemplated. Due to lack of funds the latter work was not accomplished. The Borough takes the position that it has no record of the grant of any such permit and that, even if such permit were granted, the Building Inspector lacked authority to do so.

changed, approximately twenty-five feet from the street line.

On October 29, 1956 appellees requested a permit from the Building Inspector for an addition to the front of the second floor. Appellees wanted to extend the second floor apartment *frontward* so that the front edge of the second floor would coincide with the front edge of the first floor approximately seventeen feet from the street line and upward one story in height.[2] The contemplated construction would require no additional land area and no further encroachment on either the front yard or side yard "set backs".

Upon refusal of a permit appellees appealed to the Board of Adjustment. The Board, after hearings, refused appellees' request upon the ground that "it would be the extension of a nonconforming use involving external structural changes."[3]

On appeal from the Board, the Court of Common Pleas of Luzerne County reversed the action of the Board and directed the issuance of a permit to appellees. This appeal was then taken.[4]

[2] The second floor living room would be extended to the front line of the first floor living room and a second floor porch would be constructed above and to the front line of the first floor porch.

[3] The Board should have, but failed, to make any findings of facts upon which it based its conclusions: *Lindquist Appeal*, 364 Pa. 561, 73 A. 2d 378; *Imperial Asphalt Corporation of Pennsylvania Zoning Case*, 359 Pa. 402, 59 A. 2d 121; *Valicenti's Appeal*, 298 Pa. 276, 148 A. 308.

[4] Both the municipality and the Board of Adjustment joined in this appeal. Since the Board of Adjustment has no standing to appeal we will consider the appeal as though perfected by the municipality alone: *Landau Advertising Co. v. Zoning Board of Adjustment*, 387 Pa. 552, 128 A. 2d 559; *Lansdowne Borough Board of Adjustment's Appeal*, 313 Pa. 523, 170 A. 867; *Perelman et al. v. Yeadon Borough Board of Adjustment et al.*, 144 Pa. Superior Ct. 5, 18 A. 2d 438.

When appellees purchased this property it was subject to the restrictive "set back" covenant contained in their deed. Such a restrictive covenant does not affect the issue on this appeal. Zoning laws "have no concern whatever with building or use restrictions contained in instruments of title and which are created merely by private contracts": *Michener Appeal,* 382 Pa. 401, 404, 115 A. 2d 367.[5]

Appellees seek neither a variance nor an exception to the zoning ordinance but rather what they term a natural and logical extension of a nonconforming use. When appellees purchased this property the area was not zoned nor was the use of the property restricted by the terms of any municipal ordinance. Therefore, in the language of this Court in *Gilfillan's Permit,* 291 Pa. 358, 362, 140 A. 136: ". . . accordingly, as the property was then used for lawful purposes the [municipality] was without power to compel a change in the nature of the use, or prevent the owner from making such necessary additions to the existing structure as were needed to provide for its natural expansion

---

[5] "The private parties who alone possessed the right to enforce those restrictions were not before the court. It might be that they would never seek such enforcement, or that for some reason they had waived or lost their right so to do, or that, because of neighborhood changes or because the restriction had ceased to be of advantage to the covenantees, the restriction would no longer have been enforceable. Accordingly, it has been uniformly held that any consideration of building restrictions placed upon the property by private contract has no place in proceedings under the zoning laws for a building permit or a variance . . . . [Citing cases]": *Michener Appeal,* supra, 405.

Although the adjoining property owners were notified of the appellees' application for a permit none appeared to protest and, despite the fact that thirty-three years have elapsed since appellees violated the restrictive "set back" covenant no objection has been made by any party in interest. Cf: *Orne v. Fridenberg,* 143 Pa. 487, 22 A. 832.

. . . so long as such additions would not be detrimental to the public welfare, safety and health." See also: *Mack Zoning Appeal,* 384 Pa. 586, 122 A. 2d 48; *Davis Appeal,* 367 Pa. 340, 80 A. 2d 789; *Firth v. Scherzberg,* 366 Pa. 443, 77 A. 2d 443; *Humphreys et al. v. Stuart Realty Corp. et al.,* 364 Pa. 616, 73 A. 2d 407.

At the time this zoning ordinance was passed the general use of both the land and the building for residential purposes conformed with the general use prescribed by the ordinance. The only area of non-conformity was that the building was located in such a position on the land that it transgressed both the front yard and side yard "set back" requirements of the ordinance. The subsequent conversion of the building from a single family dwelling to a two-family dwelling was also in conformity with the general use prescribed by the ordinance. Thus we are considering not a nonconforming general use[6] (*Mack Zoning Appeal,* supra; *Peirce Appeal,* 384 Pa. 100, 119 A. 2d 506; *Blanarik Appeal,* 375 Pa. 209, 100 A. 2d 58) but a building whose juxtaposition on the land renders it nonconforming. Cf: *Fagan v. Zoning Board of Adjustment,* 389 Pa. 99, 132 A. 2d 279.

By the contemplated extension of the second floor of their building appellees would not vary or change in any respect the use of both the building and land for residential purposes—in fact, the plan would render the building more suitable for two-family residential purposes. Nor do appellees plan to extend, enlarge or increase the nonconformity of the building to the zoning requirements; neither the front yard nor the side yard

---

[6] A nonconforming use has been defined as the " 'use of a building or land that does not agree with the regulations of the use district in which it is situated' ". *Haller Baking Company's Appeal,* 295 Pa. 257, 259, 145 A. 77.

"set back" requirements of the ordinance would suffer further encroachment by the proposed construction.[7]

What appellees request is an extension *upward* or *vertically* of the front porch of the building to conform in height with the rest of the building and an extension *frontward* or *horizontally* of the second floor of the building so that its front line or edge will conform with the first floor's front line or edge. Only if the extension frontward and horizontally of the second floor be considered in the nature of a separate encroachment of the front yard requirement of the zoning ordinance could appellees' projected plan be considered an extension of a nonconforming use. The record fails to disclose any provision of the zoning ordinance which prescribes a maximum height for buildings in the use district which a vertical or upward extension of the building would violate. That the proposed reconstruction would deprive adjoining property owners of light and air, or both, is more fanciful than real.

The proposed construction does not violate the zoning ordinance by a vertical or upward extension of the building nor does the extension frontward and horizontally of the second floor substantially violate the front yard "set back" provision of the ordinance. Appellees' plan for this nonconforming building neither extends nor increases nonconformity and should be permitted by the zoning authorities.

Moreover, the scope of our review precludes any other conclusion: *Garner v. Zoning Board of Adjustment*, 388 Pa. 98, 130 A. 2d 148; *Garbev Zoning Case,*

---

[7] Cases which involve the violation of "set back" requirements under restrictive covenants in deeds by porches, sun parlors, etc., are inapposite: *Wimer v. Yellin*, 286 Pa. 33, 132 A. 809; *Ogontz Land & Improvement Co. v. Johnson*, 168 Pa. 178, 31 A. 1008; *Francis et al. v. Dean*, 80 Pa. Superior Ct. 108; *Law v. Weeter*, 68 Pa. Superior Ct. 23; *Willock v. Arensberg*, 51 Pa. Superior Ct. 73.

385 Pa. 328, 122 A. 2d 682. Although the board concluded that the contemplated construction would be an improper and unlawful extension of a nonconforming use it made no findings of fact nor assigned any reasons in support of its conclusion. The court below, in reversing the Board, neither palpably abused its discretion nor committed any error of law and the evidence fully justified its action.

The allowance of this building permit is neither the grant of a "variance" nor an "exception" nor an extension of the use of these premises. It is rather the grant of a logical, reasonable and natural structural change in the building which neither increases any nonconformity of its use nor violates any provision of the zoning ordinance and in nowise affects the general welfare of the neighborhood or of the adjoining property owners.

The learned court below very properly sustained appellees' appeal, reversed the Board and granted the permit.

Order affirmed. Costs on appellant.

Mr. Justice BELL concurs in the result.