## Grubb Appeal.

Argued April 27, 1959. Before BELL, MUSMANNO, JONES, COHEN, BOK and McBRIDE, JJ.

*Roland S. Grubb,* for appellants.

*John M. Kurtz, Jr.,* with him *Larmore & Scarlett, Griffith, Kurtz & Harvey,* for borough, appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, May 28, 1959:

This is an appeal from the action of the court below in affirming the issuance of a variance by the zoning board of adjustment of the Borough of Kennett Square, Chester County, which authorized the structural extension of a multiple dwelling which is nonconforming in both use and dimensional requirements.

The property in question, located in an R-2 Residence district, has been used since its purchase in 1926 as a multiple dwelling containing three apartments and rooms for twenty-seven lodgers.[1] The building is constructed in the form of an "L" and the proposed variance will permit the appellee to extend the front of the house 15.5 feet north, thus reducing the front yard at its deepest point from 18.6 feet to 10.7 feet, and to extend the north wall 7.9 feet east, thus reducing the side yard at its deepest point from 19.88 feet to 4.38 feet. The net result of the proposed construction would be to eliminate the "L" by extending the eastern front wall north and the northern side wall east until the walls joined so that the resulting structure would be square or rectangular in shape.[2] The area thus encompassed by the proposed construction, —currently being used as an open flagstone patio,— would be converted into an additional apartment.

Appellants' primary objection to this contemplated construction is that the alteration, if permitted, would

---

[1] The zoning ordinance was enacted in 1948.

[2] At present, at its shallowest points (i.e., at either end of the "L") the property has a side yard of 5.98 feet and a front yard of 10.7 feet.

further violate the side-yard and set-back requirements since the zoning ordinance requires a 25 foot front yard and side yards of 12 feet in the case of multiple dwellings. There apparently is, and, under the terms of the ordinance, can be, no objection to the extension of the nonconforming *use* of the premises as a multiple dwelling.[3]

On an appeal from the action of a zoning board in issuing or refusing a variance, the record is examined only to determine whether or not there has been a manifest abuse of discretion or an error of law. *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280. In *Blanarik Appeal,* 375 Pa. 209, 100 A. 2d 58, where an "exception" (more correctly, a variance) was sought for the extension of a nonconforming use, Mr. Chief Justice STERN stated (p. 212) : "Apparently Blanarik required some additional room for the normal increase of his business and it would be imposing a wholly unnecessary hardship upon him to prevent his taking advantage of that increase, while, on the other hand, the proposed extension to his building could not, in the remotest degree, be contrary to the public interest or militate against the general purpose of the ordinance . . ." Although in *Blanarik* there was no express consideration of an extension of a nonconforming use resulting in a violation of the area or dimensional requirements of an ordinance, we believe that the principle therein enunciated is applicable with equal force to the instant factual situation.

The present appellee requires additional space for the normal increase of her nonconforming business use.

---

[3] The ordinance provides: "Extension. A nonconforming use may be extended up to fifty (50) per cent of the area occupied by such use at the effective date of this Ordinance. . ." It is admitted by both parties that the present extension would increase the nonconforming use by only .05%.

The proposed extension is on a portion of the property which was owned by the appellee at the time of the adoption of the ordinance. As we stated in *Peirce Appeal,* 384 Pa. 100, 105, 119 A. 2d 506: "The clear implication of our decision in Humphreys v. Stuart Realty Corporation, 364 Pa. 616, 621, 73 A. 2d 407, is that a nonconforming use may be extended in scope, as the business increases in magnitude, over ground occupied by the owner for the business at the time of the enactment of the zoning ordinance." Cf: *Fagan v. Zoning Board of Adjustment,* 389 Pa. 99, 132 A. 2d 279. The portions of the dwelling which are to be altered are presently nonconforming as to both the side yard and set-back requirements, and for all practical purposes are presently as close to appellants' property as the entire building will be if the alteration is permitted. See: *Yocum Zoning Case,* 393 Pa. 148, 141 A. 2d 601. Under these circumstances we are in agreement with the zoning board and the court below that "the record clearly shows unique and undue hardship to the property unless such use is permitted and that there is no detriment to the public interest if it is altered and used in the manner proposed."

Appellants also contend that the appellee is barred by the doctrine of *res adjudicata* because of an initial adverse decision in the court below. It appears that after a previous variance had been granted to appellee by the board, an appeal, taken by the present appellants, was sustained, and the action of the board in authorizing the variance set aside. Both parties admit, however, that the record of proceedings forwarded by the board to the court below consisted only of the minutes of board meetings indicating that the application was considered and granted. There were no transcribed notes of testimony, no specific findings of fact, nor any discussion of the reasons that influenced the

board to so act. As the court below in its opinion in the present appeal stated: "Without argument or appearance of counsel for anyone except appellants the appeal was sustained without opinion, there being no record supporting the Board's action." Under such circumstances we cannot fairly hold that the appellee had an opportunity to properly litigate the issues, nor that there has been a prior adjudication on the merits of this case. The doctrine of *res adjudicata* has no application to the facts of the present case. See: *Scharf v. Richard De Cou Co.*, 320 Pa. 552, 183 A. 41; *Fisher Building Permit Case*, 355 Pa. 364, 49 A. 2d 626; *Grosso v. Englert*, 381 Pa. 351, 113 A. 2d 250.

Order affirmed. Costs on appellants.

Mr. Justice BELL and Mr. Justice COHEN dissent.