451 A.2d 1002

MILLER & SON PAVING, INC., Appellant,

v.

WRIGHTSTOWN TOWNSHIP, Appellee.

Supreme Court of Pennsylvania.

Argued April 15, 1982.

Decided Oct. 28, 1982.

Stephen B. Harris, Doylestown, for appellant.

Terry Clemons, Sol., Doylestown, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

OPINION OF THE COURT

HUTCHINSON, Justice.

Appellant, Miller and Son Paving, Inc., asks us to hold that local zoning ordinances cannot impose setback requirements on quarrying operations because the Legislature intended the Surface Mining Conservation and Reclamation Act to preempt the field. See section 17 of the Act of November 30, 1971, P.L. 554, 52 P.S. § 1396.17. The Wrightstown Township Zoning Hearing Board held the local zoning provisions on this subject were preserved by a provision of the statute excepting local zoning ordinances from "supersession". The decision was affirmed in Bucks County Court of Common Pleas and that court was, in turn, affirmed by the Commonwealth Court. We disagree with appellant and affirm the Commonwealth Court, 45 Pa. Cmwlth. 34, 405 A.2d 568.

Appellant owns a forty-seven acre tract of land located in a rural portion of Wrightstown Township which it has used for quarrying purposes since 1959. On November 16, 1962 the Township enacted its first zoning ordinance. It included quarrying operations as a permitted use in the district where the subject property was located, within specific setback requirements. At all times prior to December 13, 1971 appellant operated its quarry within the township's original setback lines and had at that time quarried at one point to within one hundred thirteen feet of an adjoining property. On December 13, 1971 the Township adopted a new zoning ordinance pursuant to the Pennsylvania Municipalities Planning Code of 1968, Act of July 31, 1968, P.L. 805, § 101 et seq., 53 P.S. 10101 et seq. The new ordinance extended the setback requirements from within one hundred feet of all

boundaries to two hundred feet from a property line and three hundred feet from a road.[1]

Effective January 1, 1972, the Surface Mining Conservation and Reclamation Act[2] established for the first time quarrying setbacks as a matter of state law. Those setbacks provided setbacks of one hundred feet from the ultimate right-of-way of any highway, and three hundred feet from any occupied dwelling house. The Regulations promulgated thereunder additionally require a twenty-five foot setback from any property line.[3]

Appellant having unsuccessfully challenged the validity of the Township's setback requirements pursuant to Section 1004(1)(a) and Section 910 of the Municipalities Planning Code, 53 P.S. §§ 11004[4] and 10910,[5] raises three questions on this appeal: (1) whether setback requirements established

1. Section 403.1 of the Wrightstown Township Zoning Ordinance (1971) provides the following setback restrictions for quarries:
 Setback. No extraction shall be conducted closer than two hundred (200) feet to the boundary of any district in which extraction is permitted nor closer than three hundred (300) feet from the center line of any street, nor closer than four hundred (400) feet to the point of intersection of center lines of two streets.

2. See 52 P.S. § 1396.4b.

3. Department of Environmental Resources Regulations, Title 25 Pennsylvania Code, Chapter 77.92, Sub-chapter E, Section 77.-102(f)(6).

4. Section 1004 states, inter alia:
 (1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land which has an interest shall submit the challenge either:
 (a) To the zoning hearing board for a report thereon under Section 910 or 913.1; or
 (b) To the governing body together with a request for a curative amendment under section 609.1.

5. Section 910 states, inter alia:
 The Board shall hear challenges to the validity of a zoning ordinance or map except as indicated in section 1003 and subsection (1)(b) of Section 1004. In all such challenges, the board shall take evidence and make a record thereon as provided in section 908. At the conclusion of the hearing, the board shall decide all contested questions and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court.

by the Surface Mining Conservation and Reclamation Act preempt the setback requirement of the Township Zoning Ordinance? (2) whether the setback requirements are arbitrary and capricious, and, hence, unconstitutional by depriving appellant of the right to mine two million six hundred eighty-five thousand (2,685,000) tons of stone worth, if appellant's evidence is believed, in excess of seven million dollars ($7,000,000.00)? (3) whether the zoning ordinance is unconstitutional insofar as it prohibits any expansion of nonconforming intrusions in the setback areas, where an intrusion existed when the zoning ordinance was passed?

Section 17 of the Surface Mining Conservation and Reclamation Act provides:

> *Except with respect to Zoning Ordinances,* all local ordinances and enactments purporting to regulate surface mining are hereby superseded. The Commonwealth by this enactment hereby preempts the regulation of surface mining operations as herein defined.

(emphasis added).

The term "superseded," contained in the first sentence of section 17, ordinarily refers to the displacement of something that already exists, not something that may come into existence. Thus the first sentence of section 17 reflects a legislative intent to displace all local regulations relating to surface mining which were in existence as of the effective date of the Act (January 1, 1972), except for zoning ordinances. Because the challenged ordinance was effective as of December 18, 1971, it has been preserved from supersession by the express language of the first sentence.

Under the Statutory Construction Act of 1972, "[w]ords and phrases shall be construed according to the rules of grammar and according to their common and approved usage...." 1 Pa.C.S. § 1903(a). Additionally "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). These considerations require the conclusion that the second sentence of section 17 was not designed to invalidate local measures relating to surface mining operations which were, as here, enacted

before the effective date of the Act of 1971. The term "preempts," contained in the second sentence of section 17, ordinarily refers to an act which precludes action on the same subject by another in the future. No rule of logic or syntax permits the construction that the Legislature's preemption of future regulation affects zoning ordinances which were in existence on the effective date of the Act and thus are specifically preserved from supersession. Such a construction would render the exception clause contained in the first sentence of section 17 a nullity and would render the remainder of the first sentence mere surplusage.

■ Although not addressed by the parties, it should be noted that in 1980 the Legislature added a new section, section 17.1, to the Surface Mining Conservation and Reclamation Act, without expressly repealing section 17 of the Act of 1971. Section 17.1 provides:

"Except with respect to ordinances adopted pursuant to the act of July 31, 1968 (P.L. 805, No. 247), known as the 'Pennsylvania Municipalities Planning Code,' all local ordinances and enactments purporting to regulate surface mining are hereby superseded. The Commonwealth by this enactment hereby preempts the regulation of surface mining as herein defined."

Act of October 10, 1980, P.L. 835, § 10, 52 P.S. § 1396.17a (Supp.1982). From this new section, it is clear that the Legislature could not have intended in 1971 to displace all existing and future local regulation of surface mining. The challenged zoning ordinance of Wrightstown Township is manifestly valid; as it was adopted pursuant to the Municipalities Planning Code and before the effective date of the Surface Mining Act of 1971, it is neither superseded nor preempted by either section 17 or section 17.1. Appellant, therefore, cannot prevail on its theory that the ordinance is invalid under the Act.

■ Appellant next argues the local setback requirements are arbitrary, capricious and confiscatory because there are two million six hundred and eighty-five thousand tons of stone which could have otherwise been quarried to the setback restrictions established by the Surface Mining

and Reclamation Act. It thus argues the application of the township's setback lines to the business of quarrying "takes" the quarry property within those more expansive lines and so cannot be justified under the police power. The difficulty with this argument is it proves too much. Were we to accept it, neither zoning ordinances nor state statutes could provide setback lines for minerals suited to extraction solely by surface mining methods, since setbacks so applied would preclude extraction and thus constitute a taking of the mineral involving eminent domain, and hence not supported under the police power. All zoning involves a "taking" in the sense that the owner is not completely free to use his property as he chooses, but such a taking does not entitle the owner to relief, unless the owner's rights have been unreasonably restricted. *See Village of Euclid v. Ambler Realty Company*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); *Marple Township Appeal*, 430 Pa. 113, 243 A.2d 357 (1968). Reasonable restrictions are valid exercises of the police power and not unconstitutional takings under the power of eminent domain. Restrictions are not *per se* unreasonable simply because they limit the extraction of minerals. The fallacy of appellant's argument is clear. If a municipality can create a use zone excluding surface mining altogether, then it must surely be able to impose the lesser burden of requiring setbacks for such use in zones in which it is permitted.

The valid exercise of the zoning power is predicated upon its exercise for a legitimate public purpose. Accordingly, zoning ordinances must be enacted for the health, safety or general welfare of the community and their provisions, including setbacks, must advance those purposes. *See Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977); *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975); *National Land and Investment Co., v. Easttown Tp. Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965). In applying this test to the review of zoning ordinances this court has in some cases held that an appellant must prove the challenged ordinance bears no substantial relationship to the health, safety, morals or

general welfare of the community. *See Surrick, supra;*
*National Land, supra; Glorioso Appeal,* 413 Pa. 194, 196
A.2d 668 (1964); *Eller v. Board of Adjustment,* 414 Pa. 1,
198 A.2d 863 (1964). Alternatively, this Court has subjected
other zoning ordinances to a somewhat less stringent stan-
dard of scrutiny holding that before a court may declare a
zoning ordinance unconstitutional, the challenging party
must clearly establish the provisions are arbitrary and un-
reasonable and have no relation to the public health, safety,
morals and general welfare. *Schubach v. Silver, supra;*
*Bilbar Construction Co. v. Easttown Township Board of*
*Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958). Regardless of
which standard of scrutiny we employ the zoning ordinance
is normally presumed valid and the burden of proving other-
wise is on the challenging party. *See Schubach v. Silver,*
*supra; National Land, supra.*[6]

■ Appellant contends, however, that the Township
should have the burden of proof justifying the necessity of
having setbacks in excess of the setbacks set by the Surface
Mining Conservation and Reclamation Act. We hold simply
that, although the standards set by the Commonwealth may
be relevant and competent evidence related to the need for
such stringent setback requirements, they do not meet ap-
pellant's burden as a matter of law or shift the burden to
the municipality.

■ The record demonstrates appellant failed to meet
its burden of proving either that the setback requirements
bear no substantial relationship to the health, safety, morals
or general welfare of the community or that the setback
requirements are so patently unreasonable that we must
find the ordinance is facially invalid as arbitrary, confisca-
ry and a deprivation of property without due process of law.
*Compare Eller v. Board of Adjustment, supra.* Having
concluded the Township's setback requirements constitute a

6. The burden of proof may shift from the challenger where he has
 established a total prohibition throughout the entire municipality of
 an otherwise lawful use. *Beaver Gas Co. v. Osborne Boro.,* 445 Pa.
 571, 285 A.2d 501 (1971). That exception, heretofore restricted to
 exclusionary zoning challenges, is not pertinent here.

valid exercise of the zoning power, in order to establish that they constitute an improper restriction on appellant's use of a particular property, appellant must show the ordinance imposes "an unnecessary hardship" upon it as owner of the particular property. *National Land,* 419 Pa. at 512, 215 A.2d at 602.[7] As the lower court correctly concluded, a challenge of that nature is properly brought in a variance proceeding pursuant to Section 912 of the Pennsylvania Municipalities Planning Code and not by a general attack on the ordinance's validity under Section 1004.

 Appellant finally challenges the validity of the non-conforming use clause of the Township's Zoning Ordinance, specifically arguing it is an unconstitutionally absolute pre-clusion from expanding a non-conforming use and, there-fore, appellant should be permitted to expand its non-conforming set-back instrusion to the limits set out in the state regulations. While appellant's argument that the pertinent provision of the ordinance is facially invalid has arguable merit, the provision in question cannot be attacked by appel-lant in this proceeding. Appellant lacks standing to raise this challenge under Sections 1004(a)(1) and 910 because it has no right to natural expansion of a non-conformity in-volving setback lines. It thus attacks the provision preclud-ing expansion in a vacuum.

The challenged non-conforming use expansion clause, Section 801.2(A), provides as follows:

Non-conforming buildings, structures, or land shall not be added to or enlarged upon in any manner, unless said building, structure or land, including additions and en-largements are made to conform to all the regulations of the district in which they are located. No structural alterations may be made other than those ordered by an

7. To preserve the validity of the zoning ordinance in its application to the community in general, the variance provision of the enabling act functions as an "escape valve" so that when regulations which apply to all are unnecessarily burdensome to a few because of certain unique circumstances, a means of relief from the mandates of the ordinance is provided. *National Land and I. Co., supra,* (citing *Peirce v. Zoning Bd. of Adjustment,* 410 Pa. 262, 267, 189 A.2d 138, 141 (1963); *Colligan Zoning Case,* 401 Pa. 125, 131–32, 162 A.2d 652, 655 (1960)).

authorized public officer to assure the safety of a non-conforming building or structure.

This court has found such absolute bans on the natural expansion of non-conforming uses to be an unconstitutional violation of the doctrine of natural expansion. *See Silver v. Zoning Hearing Board*, 435 Pa. 99, 255 A.2d 506 (1969). However, the doctrine of natural expansion does not apply where the activity for which the subject property is used (for example, the expansion of an apartment house located in a residential zone by increasing the number of apartments, *See Walter v. Philadelphia, Zoning Board of Adjustment*, 437 Pa. 277, 263 A.2d 123 (1970)) is permitted in the zone, but there is a dimensional, space, lot size, design, structural or aesthetic non-conformity. *See Fagan v. Philadelphia Zoning Board of Adjustment*, 389 Pa. 99, 132 A.2d 279 (1957).

A non-conforming commercial or industrial use is permitted to expand because expansion or modernization to meet new needs is an essential part of most commercial or industrial uses: § 7:4.1 et seq. There is no similar need to expand a building [or use] which is already too large or to further reduce a setback requirement which already has been violated.

Ryan, *Pennsylvania Zoning Law and Practice*, § 7.72 (1970). Thus, where it is the location of the activity or structure on the land and not the use itself which is non-conforming, protection of the existing non-conformance does not require a right to expansion.[8]

---

**8.** The amicus brief filed by the Pennsylvania Aggregates Association cites four cases in support of the doctrine that the nature of the extractive business contemplates use of the parcel of land as a whole. *See Cheswick Borough v. Bechman*, 352 Pa. 79, 42 A.2d 60 (1945). *See also Flanagan v. Town of Hollis*, 112 N.H. 222, 293 A.2d 328 (1972); *County of Du Page v. Elmhurst—Chicago Stone Co.*, 18 Ill.2d 479, 165 N.E.2d 310 (1960); *McCaslin v. Monterey Park*, 163 Cal. App.2d 339, 329 P.2d 522 (1958). However, with the exception of the *Du Page* case the above cited cases only provide for the expansion of the extraction use beyond the portion of the property previously used for such purposes. As the Court in *McCaslin* held, the right to extend an extraction use to the entire parcel of land is not infringed by enforcement of a 200 foot buffer area between properties.

In *Grubb Appeal,* 395 Pa. 619, 151 A.2d 599 (1959) this court held that a non-conforming use may be extended in scope as the business increases in magnitude, on ground occupied by the owner of the business at the time of the enactment of the zoning ordinance. In *Altemose Construction Co. v. East Norriton Zoning Hearing Board.,* 3 Pa. Commonwealth 328, 281 A.2d 781 (1971), a case involving a prior nonconformity to a setback requirement, the Commonwealth Court correctly set forth the distinction between such cases and *Grubb Appeal:*

Altemose relies on *Grubb Appeal,* 305 Pa. 619, 151 A.2d 599 (1959), for his right to build a non-conforming addition in violation of the 25 foot setback. In the *Grubb* case a variance was allowed for the construction of a proposed addition because the side yards and setbacks of the proposed addition "for all practical purposes" were the same as the existing structures even though the existing structures had side yards and setbacks which were non-conforming. In this case Altemose who had a non-conforming side yard of 15.5 feet, wants to create a non-conforming side yard of 7.5 feet. This would go far beyond the *Grubb* case.

We hold today that a property owner does not have a vested right under the doctrine of natural expansion to extend a non-conforming setback beyond that which existed at the time the new ordinance was passed.

Affirmed.