Kline Zoning Case.

Argued January 7, 1959. Before JONES, C. J., MUS-MANNO, JONES, COHEN and MCBRIDE, JJ.

*Edmund B. Spaeth, Jr.,* with him *MacCoy, Evans & Lewis,* and *Wright, Mauck, Hawes and Spencer,* and *John E. Forsythe,* Township Solicitor, for appellant.

*Elkins Wetherill,* with him *Knox Henderson,* and *Henderson, Wetherill & O'Hey,* for appellees.

OPINION BY MR. JUSTICE COHEN, March 16, 1959:

The lower court incorrectly granted a variance from a thirty foot set back requirement in an R-4 residential district in Lower Merion Township, permitting the enclosure of a front porch which would encroach upon the required minimum front yard line by approximately three and one-half feet. The zoning board having determined that no unnecessary hardship had been shown denied the variance. The lower court decreed that the board had abused its discretion and granted a variance to appellees.

The applicant desires to enclose the front porch because his wife suffers from asthma and hay fever and his young son has a severe respiratory ailment and likewise suffers from hay fever. By enclosing the front porch "additional room" for the comfort of his family will be provided. On the basis of this testimony the lower court did not ". . . see how the granting of a variance will in any way be detrimental to the public interest" since the encroachment was only a distance of three and one-half feet and granted the variance.

Since the appellee has failed to show any unnecessary hardship to his property which would merit the granting of a variance, we conclude that the lower court was in error. To hold otherwise would do violence to a large number of our decisions.

Chief Justice HORACE STERN in *Michener Appeal,* 382 Pa. 401, 406, 115 A. 2d 367 (1955) said: ". . . a variance may be granted only where a property is subjected to a hardship unique or peculiar to itself. . . ." Mr. Justice BELL in *Volpe Appeal,* 384 Pa. 374, 378, 121 A. 2d 97 (1956) said: ". . . a person who seeks a variance has the burden of establishing unnecessary hardship; . . . ." Justice BENJAMIN R. JONES in *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 259-60, 137 A. 2d 280 (1958) said: "The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an 'unnecessary hardship', and, even then, the variance can be granted only if 'the spirit of the ordinance shall be observed; the public health; the public safety; and the general welfare secured; and substantial justice done.' He who seeks a variance has the burden of proving justification for its grant. The 'hardship' which must be proven must be an 'unnecessary', not a 'mere' hardship, as well as 'unique or peculiar to [the property involved]' . . . ." In *Gold v. Zoning Board*

*of Adjustment et al.,* 393 Pa. 401, 143 A. 2d 59 (1958) Justice ARNOLD said that nothing less than a showing of hardship special or peculiar to the property will empower the board to allow a variance and the applicant's physical condition is not the hardship forming the basis for a variance. And in *English v. Zoning Board of Adjustment,* 395 Pa. 118 (1959), we again held that the hardship must be one that is peculiar to the applicant's property to merit the allowance of a variance.

There is no testimony in the record which meets the burden required by those cases. Indeed, the record is even barren of competent medical testimony that the enclosed porch would contribute to the improvement of the physical condition of appellee's son and wife. Again we must reiterate what we have said on innumerable occasions—zoning boards and the courts must not impose their concept of what the zoning ordinance should be, but rather their function is only to enforce the zoning ordinance in accordance with the applicable law.

Order reversed.

Mr. Justice MUSMANNO dissents.