Edward J. Angle and Catherine M. Angle *v.* The Zoning Hearing Board of the Borough of Dormont et al. The Borough of Dormont, Appellant.

Argued March 12, 1984, before Judges WILLIAMS, JR., CRAIG and COLINS, sitting as a panel of three.

*Phillip D. Paull,* for appellant.

*John C. Mohan,* for appellee.

OPINION BY JUDGE CRAIG, June 5, 1984:

The Borough of Dormont appeals an order of the Court of Common Pleas of Allegheny County which reversed a decision of the Dormont Zoning Hearing Board denying a permit to enclose the front porch of the dwelling owned by Edward and Catherine Angle.

The owners' lot, measuring thirty feet by one-hundred-ten feet, is located in an R 1-A Residential Zone. Since 1927[1] the property has been subject to a twenty-foot building setback line. In conformity with the ordinance, the edge of the dwelling itself is set back twenty feet from the street line, although a roofed porch extends six feet, seven and one-half inches (6'7½") by twelve feet five inches (12'5") into the front yard.[2] The porch extension into the front

---

[1] Zoning Ordinance of Borough of Dormont, Ordinance No. 935.

[2] The remainder of the porch, almost four feet (4') by twelve feet five inches (12'5") is built behind the twenty-foot (20') building line.

yard, however, is permissible because the porch was built in the period before 1968, during which roofed porches were permitted to extend into front yard areas without any limitation.

The owners applied for a variance to allow them to enclose the porch to create a larger living room. The board, which reached no finding nor conclusion concerning any legal nonconformity status, denied the variance. The borough here challenges the action of the trial court which, on appeal to it, rejected the concept of nonconforming use expansion but nevertheless ordered that a variance be granted to enclose the porch.

In zoning cases, where, as here, the trial court has received no additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Somerton Civic Association v. Zoning Board of Adjustment,* 80 Pa. Commonwealth Ct. 173, 471 A.2d 578 (1984).

The owners now contend primarily that they should be permitted to enclose their porch on the basis that it would be a logical, reasonable and natural extension of a nonconforming use, relying upon *Yocum Zoning Case,* 393 Pa. 148, 141 A.2d 601 (1958). That case involved a two-story frame single family dwelling, later converted into a two-family dwelling, with an apartment on each floor, whose westerly front half, an extension of the first floor living room, was approximately seventeen feet from the street line and whose easterly front half was approximately twenty-five feet from the street line, although a porch extended from that point approximately eight feet, so that the front edge of the porch was approximately seventeen feet (17′) from the street line. A subsequent zoning ordinance required a front-yard building line of not less than twenty feet. Those owners then sought a permit to extend and enclose the second story

of their building frontward, so that the front edge of the second floor would coincide with the front edge of the first floor. The Pennsylvania Supreme Court held that such a permit should be granted, *not* on a variance basis, but because the structural change of the building did not increase "any nonconformity of its use."

However, the Supreme Court later decided *Kline Zoning Case*, 395 Pa. 122, 148 A.2d 915 (1959). There, as here, a porch, which was roofed but otherwise unenclosed, extended lawfully into the front yard area in which the zoning ordinance prohibited buildings. The Supreme Court held that there was no basis for allowing a variance to permit the porch to be enclosed and thus transformed into an extension of the dwelling itself within the front yard area. *Kline* was a variance case, in which the Supreme Court found that purely personal needs—respiratory ailments suffered by the owner's wife and son—did not constitute a hardship sufficient in legal nature to warrant a variance.

The physical configurations in *Kline* and in this case are virtually identical. *Yocum's* physical facts were somewhat different; there an *enclosed* living-room section of the dwelling already extended into the front yard area alongside the unenclosed porch.

Like *Kline*, this present case has involved a variance request from the start. The owner's appeal to the board was solely on the basis of a variance, the zoning hearing board properly dealt with the variance question, the trial court correctly found no legal nonconforming use basis for extending a living-room as distinguished from a porch, and the trial court's order reversed the board by granting the variance, essentially upon a theory which *Kline* rejected, that personal family needs could constitute a sufficient hardship basis for a variance.

*Yocum,* on the other hand, did not speak to the resolution of such a variance claim. In *Yocum,* the Supreme Court expressly stated that the "allowance of this building permit is neither the grant of a 'variance' nor an 'exception' nor an extension of the use of these premises." (393 Pa. at 155, 141 A.2d at 605.) Instead, the *Yocum* decision said that allowing the *second floor* of the building to be extended into the front yard, as far as the first floor already projected, was (1) a "logical, reasonable and natural structural change" which (2) "neither increases any nonconformity of its use," nor (3) "violates any provision of the zoning ordinance." *Id.* at 155, 141 A.2d at 605-6. In itself, "logical" or "reasonable" or "natural structural change" has never been a legal concept warranting construction contrary to zoning ordinance provisions, and, at least in this present case, constructing an enclosure which causes the dwelling itself to project into the front yard area does increase "nonconformity" in that it does contravene the zoning ordinance provision which prohibits buildings in the front yard.

Pennsylvania's classic nonconforming use expansion doctrine, allowing a nonconforming *use* for *business* to "be increased in extent by natural expansion and growth of trade," *Peirce Appeal,* 384 Pa. 100, 105, 119 A.2d 506, 509 (1956), cannot provide a doctrinal basis for the virtually automatic structural extension concept which is pressed here because even *Yocum* held that, with such facts, "we are considering not a nonconforming general use . . . but a building whose juxtaposition on the land renders it nonconforming." 393 Pa. at 153, 141 A.2d at 605. Such a dimensional nonconformity has no natural expansion right.

Granting what is sought here would render zoning front-yard setback requirements inoperative to prevent the intrusion of building extensions whenever

some relatively unobstrusive structural element already exists within the yard area sought to be preserved by the setback. Here the existence of a roof over an open porch would become the vehicle for extending the building; by the same reasoning, structural elements such as carports, courtyards, patios or swimming pools—which commonly lie over setback lines—would become automatic bases for the construction of enclosed garages or building extensions within areas sought to be preserved as relatively open spaces.

*Kline* clearly holds that, when the porch roof is a *permitted* intrusion in the front yard, a variance to enclose it as a building is not warranted by that circumstance coupled with family convenience. Nor can *Yocum* be applied here to allow the building extension simply because the extending porch roof, formerly permitted like that in *Kline,* is now nonconforming dimensionally. A dimensionally-*non*conforming structure should not have a greater right of expansion than a dimensionally-*conforming* structure.

The trial court's rejection of nonconformity expansion concepts was therefore well founded, but *Kline* provides an all-fours precedent requiring reversal of the variance grant.

### Order

And Now, June 5, 1984, the order of the Court of Common Pleas of Allegheny County, dated January 20, 1983, is reversed.

---

Dissenting Opinion by Judge Colins:

I respectfully dissent.

This Court has recently stated that the granting of a variance should be decided by the unique facts in each case and, thus, can only be done on a case-by-case

basis. *Claude deBotton Appeal,* 81 Pa. Commonwealth Ct. 513,      A.2d      (1984). The expansion of a nonconforming use or structure should also be allowed to develop on such a basis.

The majority opinion, however, instead of allowing the law to develop on a case-by-case basis, attempts to set forth a general statement of law. I cannot agree with this.

Furthermore, I take issue with the majority's reliance on the *Kline Zoning Case,* 395 Pa. 122, 148 A.2d 915 (1959). In *Kline,* unlike the instant case, the Court did not state whether the porch sought to be enclosed was a nonconforming structure. The Supreme Court in *Kline,* after finding no unnecessary hardship unique to the property, stated that "the record is even barren of competent medical testimony that the enclosed porch would contribute to the improvement of the physical condition of appellee's son and wife." *Id.* at 125, 148 A.2d at 916. Therefore, should we infer that if such testimony had been presented, then the Court would have affirmed the lower court and granted the variance?

This Court should decide the instant case by following the *Yocum Zoning Case,* 393 Pa. 148, 141 A.2d 601 (1958), since it involves the same factual scenario.

In *Yocum*[1] when the appellees purchased the property the area was not zoned, nor was the use restricted by the terms of any municipal ordinance. Therefore, the porch sought to be enclosed in *Yocum* was a nonconforming structure.

The Pennsylvania Supreme Court held that the permit should be granted and stated that:

---

[1] The *Yocum Zoning Case* has never been overruled and is still good law. Merely because the *Kline Zoning Case* post-dated the *Yocum* case, does not mean that *Yocum* has been overruled, especially when the two cases involve different principles of law.

[t]he allowance of this building permit is neither the grant of a "variance" nor an "exception" nor an extension of use of these premises. It is rather the grant of a logical, reasonable and natural structural change in the building which neither increases any nonconformity of its use nor violates any provision of the zoning ordinance and in nowise affects the general welfare of the neighborhood or of the adjoining property owners.

*Id.* at 155, 141 A.2d at 605-6.

In this case, the enclosure of appellees' porch would not extend, enlarge or increase the nonconforming use of their dwelling. In addition, the grant of such a permit would not be detrimental to the public welfare, safety and health.

For the above reasons, I feel the decision of the Board in refusing to grant appellees' request for a permit should be reversed.

