568 A.2d 610

Joseph and Frank PISCIONERI, Appellees,

v.

The ZONING HEARING BOARD OF the BOROUGH
OF MUNHALL, Appellee,

v.

Carol and Michael BALABAN, Judy and Benjamin Boies
and Ann and Edward Droschak, Appellants.

Supreme Court of Pennsylvania.

Argued Sept. 25, 1989.

Decided Jan. 8, 1990.

598

Joel P. Aaronson, Reed Smith Shaw & McClay, Pittsburgh, for appellants.

T.J. Kratzenberg, Kratzenberg, Shields & Lesko, White Oak, for Joseph and Frank Piscioneri.

Andrew J. Banyas, III, Zimmer, Kunz, Loughren & Hart, Pittsburgh, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

McDERMOTT, Justice.

Seeking to put a commercial structure, a two story office building, in a residentially-zoned area of Munhall Borough, the appellees asked the zoning board for special exception under the zoning ordinance. Because there is no special exception in the ordinance providing for a commercial structure in a residential area, the zoning board denied their request. Appellees appealed to the Common Pleas Court of Allegheny County who appointed a special master to hear and find facts. The special master found the following: the specific area in question was in fact a place of some commerce; it was across a road from adjoining Pittsburgh where commercial usages were permitted; the lot in question had not been used for any purpose for over forty years and was weed grown and trash ridden; and Munhall Borough had fallen on hard times and commercial use would lighten a growing burden. The special master held that a commercial use would add to the general welfare and offer some addition to a failing prosperity. He also found that

since the proposed structure was designed to look like a residence and though its use would be exclusively commercial, it would look like, what in fact, it was not. He held, therefore, that to deny a permit under such circumstances was an abuse of discretion by the zoning board. The trial court agreed and reversed the zoning board.

Certainly all that the master and the court found were good reasons for considering a special exception, if there were special exceptions permitted under the ordinance. Faced with the fact that the Munhall ordinance does not contain special exceptions that would allow commercial enterprise in areas zoned residential, the master, the trial court, and ultimately the Commonwealth Court found, in other sections of the Munhall zoning code, warrant to create one. They found authority to do what Munhall Borough did not do from the preamble and by analogy to what the code allows as an accessory use in a residential area.

Unfortunately, however well intentioned their will to save, they are not charged or authorized to that service. That responsibility belongs to the fathers of Munhall Borough and it is for them to say what is best for all who live there. Munhall chose, as is their right, to offer no special exceptions in areas zoned residential. The absence of a special exception in a zoning ordinance is an expression of its general and specific purpose.

The absence of special exceptions in a zoning ordinance is as much its general purpose as the granting of special exceptions. What is not given is the same as what is denied and both are subsumed in what the enactors conceive as the best for the health, morals, safety, and welfare of the borough and its inhabitants. The general purpose of a zoning ordinance cannot be read to exceed what it denies or does not provide. It is a self-contained expression of its own purpose, and generalities, however salutary they may seem beyond that purpose, are an invitation to substitute the views of others for the municipal authority. Zoning boards or courts are not entitled to substitute their concept

of a better ordinance than the one enacted. *Appeal of Kline*, 395 Pa. 122, 148 A.2d 915 (1959).

A zoning ordinance is not required to provide for special exceptions in a residential area; it may set aside land tracts for specific purposes and no others. *Volpe Appeal*, 384 Pa. 374, 121 A.2d 97 (1956); *Jennings' Appeal*, 330 Pa. 154, 198 A. 621 (1938); *Ward's Appeal*, 289 Pa. 458, 137 A. 630 (1927). *See also Village of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). It is inconsistent to find authority in a zoning board to do what an ordinance does not provide. *Appeal of Kline, supra.* The Munhall ordinance does not provide for special exceptions in a residentially-zoned area. Given that prohibition it is difficult to believe, by analogy or otherwise, that this zoning board would have discretion large or larger than the borough's power to enact a zoning provision it denied. A zoning board is not an open-ended legislative body. The zoning board properly refused to allow the exception. The trial court and the Commonwealth Court, however, found such power by analogy from what is allowed as accessory use and by general statements of zoning purpose. To find an analogy that supposes a structure specifically designed for commercial purposes in a residential area because the structure is disguised as a residence, could reduce the zoning ordinance to virtual nullity by camouflage. What was inside the Trojan Horse made all the difference. The arguments of prosperity and aesthetics may appear inviting when addressed to the borough fathers but must fall on deaf ears when offered to a zoning board without power to authorize special exceptions in a residential area other than those listed in the ordinance.

Accordingly, the order of the Commonwealth Court, 114 Pa.Commw. 561, 539 A.2d 479, is reversed and the decision of the zoning board is reinstated.

LARSEN, J., did not participate in the consideration or decision of this case.

NIX, C.J., files a concurring opinion.

NIX, Chief Justice, concurring.

I agree with the result reached here but am concerned that the broad swathe of the majority opinion, as evidenced by the excerpt below from the majority opinion, will return to haunt the bench and bar:

> The absence of special exceptions in a zoning ordinance is as much its general purpose as the granting of special exceptions. What is not given is the same as what is denied and both are subsumed in what the enacters [sic] conceive as the best for the health, morals, safety, and welfare of the township and its inhabitants. The general purpose of a zoning ordinance cannot be read to exceed what it denies or does not provide. It is a self-contained expression of its own purpose, generalities, however salutory they may seem, beyond that purpose are an invitation to substitute the views of others for the municipal authority.

Opinion, p. 611.

Additionally, any confusion existing between *B.A.C., Inc. v. Zoning Hearing Board of Millcreek Township*, 89 Pa. Commw.Ct. 285, 492 A.2d 477 (1985), and *Bray v. Zoning Board of Adjustment*, 48 Pa.Commw.Ct. 523, 410 A.2d 909 (1980), the resolution of which was the purpose for accepting this appeal, has not been addressed.