599 A.2d 255

**Chris J. CHACONA, Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT and City of Philadelphia and Reed M. Axelrod, Appellees.**

Commonwealth Court of Pennsylvania.

Submitted May 17, 1991.

Decided Nov. 13, 1991.

Chris J. Chacona, for herself, appellant.

Patricia M. Hamill, Chief Asst. City Sol., for Zoning Bd. of Adjustment and City of Philadelphia, appellees.

Reed M. Axelrod, for himself, appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Chris J. Chacona, Objector, appeals from a decision of the Court of Common Pleas of Philadelphia County that affirmed the Philadelphia Zoning Board of Adjustment's grant of a variance to Reed M. Axelrod, Applicant. We reverse.

Axelrod owns a two-and-one-half story house at 267 South 21st Street in Philadelphia. Chacona owns a three-story house at 265 South 21st Street. Both houses are located in an R–10 residential district.

On May 3, 1990, Axelrod applied to the Philadelphia Department of Licenses and Inspections for a zoning permit to erect an addition above the rear of his home. The house is three stories high in front, the street side, and two-and-one-half stories high in the rear. The Applicant proposed to erect a 320 square foot addition above the second story in the rear. The planned addition would add a story to the rear portion of Axelrod's home so that the entire home would be a full three stories.

Section 14–104(10) of the Philadelphia Zoning Code pro-·vides that in R–10 residential districts:

where a structure is non-conforming because it does not fulfill the yard, court, occupied area, open area or rear yard area regulations of a district in which it is located, any new stories erected on such structures shall be constructed so as to fulfill the yard, court, occupied area, open area and rear yard area regulations, which in such a case shall be applied on the level upon which such new stories are being erected.

The ordinance applies the yard, court, occupied area, open area and rear yard area regulations to new stories erected

above ground level. If new stories are placed above structures which contain a non-conforming deviation from area regulations, the new stories may not repeat the non-conformity. Instead, the new stories must be built to comply with the regulations even though the underlying structure does not.

At present, the Applicant's home is dimensionally non-conforming to rear yard and open court requirements. To make his home a full three stories, the Applicant intends to build part of his addition above the dimensionally non-conforming portion of his home. There is a nine-foot rear yard requirement in the Applicant's district. The Applicant's addition would, like its underlying structure, allow for only six feet in the rear yard. There is a five-foot open court area requirement in the district. The Applicant's addition would, like its underlying structure, allow for only one foot nine inches of open court area. (Hearing Transcript, June 13, 1990, pp. 19–20). The Department of Licenses and Inspections refused Axelrod's application for a permit on the grounds that the addition would violate the rear-yard and open-court area requirements.

Axelrod appealed the refusal. The Zoning Board of Adjustment held a public hearing on June 13, 1990. The Board found that the proposed addition would not exceed any adjacent neighbors' dwellings because every property on that street is three stories high. The Board also found that the addition would not exceed the existing footprint of the Applicant's home.[1] (Zoning Board's Findings of Fact Nos. 4–5.) The Zoning Board of Adjustment granted Axelrod a variance.

Objector Chacona appealed the decision to the Court of Common Pleas of Philadelphia County. The trial court affirmed the Board's decision and dismissed Chacona's appeal. This appeal followed.

---

1. While the planned expansion is an extension of lower stories, it does include a bay effect which goes beyond the building footprint. This part of the addition, however, is very minor and does not affect the outcome of this appeal.

Where a trial court takes no additional evidence, the Commonwealth Court's scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

We must address three issues in this appeal: 1) did the Board err in concluding that Axelrod would endure unnecessary hardship if not granted a variance; 2) may the Board's grant of a variance be affirmed on the basis of the Supreme Court's decision in the *Yocum Zoning Case,* 393 Pa. 148, 141 A.2d 601 (1958); and 3) is Axelrod entitled to a de minimis variance.

■ A party seeking a variance bears the burden of proving that (1) unnecessary hardship will result if the variance is denied, (2) the hardship is shown to be unique or peculiar to the property as distinguished from a hardship arising from the impact of zoning regulations on the entire district, and (3) the proposed use will not be contrary to the public interest. *Valley View.*

■ Previously, we had determined that one can establish unnecessary hardship by one of three ways. First, one shows that the physical characteristics of the property are such that the property cannot be used for any permitted purpose. Second, one shows that the physical characteristics of the property are such that the property could be arranged for permitted purposes at only a prohibitive expense. Third, one shows that the characteristics of the property are such that the property has no value or only distress value for any purpose permitted by the ordinance. *Griffith v. Zoning Hearing Board of Exeter Township,* 109 Pa.Commonwealth Ct. 382, 531 A.2d 121 (1987), *petition for allowance of appeal granted,* 519 Pa. 656, 546 A.2d 60 (1988).

During the Zoning Board's hearing the Applicant stated four reasons to gain approval for his proposed addition. The Applicant argued that he bought his home at 267 South

21st Street in order to improve it. He stated that he planned to own the property for the "long term." He contended that a variance would permit him to use his property to its highest and fullest use. He claimed that all the homes in his neighborhood are three story houses and that his addition would not be in excess of what all of his neighbors have. (Hearing Transcript pp. 17–19). Clearly these reasons do not constitute unnecessary hardship since the property can continue to be used as a residence without the planned addition.

■ Applicant and the Board argue that the Supreme Court's reasoning in *Yocum* should be applied to the instant case to affirm the Board's grant of a variance. *Yocum* involved a permit request of home owners who wanted to extend their second floor forward to coincide with the front edge of their first floor. A municipal ordinance required a twenty-foot setback. The edge of the first floor was only seventeen feet from the street, but was a permitted intrusion because it pre-existed the setback ordinance. The *Yocum* Court faced the issue of whether the second story addition violated the setback and side-yard requirements.

In *Yocum*, the Court upheld the trial court's grant of a permit to the home owners. The Court determined that the addition would not extend or increase the home's non-conformity and that the setback and the side-yard requirements would suffer no further encroachment. The Court also held that a permit was the "grant of a logical, reasonable and natural structural change in the building," which neither increased any non-conformity of its use or violated any provision of the zoning ordinance. *Id.* 393 Pa. at 153–54, 141 A.2d at 605. The Court also held that the addition did not in any way affect the general welfare of the neighborhood. With regards to possible encroachments on light and air, the Court found those alleged intrusions to be "more fanciful than real." *Id.*

One year following the *Yocum* decision, the Supreme Court decided the *Kline Zoning Case*, 395 Pa. 122, 148 A.2d 915 (1959). *Kline* involved a variance to enclose a roofed front porch. The porch encroached three-and-one-half feet

into a thirty-foot setback line. The porch lawfully extended into the front yard area because the porch pre-existed the setback ordinance. No other enclosed or unenclosed parts of the dwelling intruded upon the setback line.

To gain the variance, the home owner in *Kline* argued that he needed to enclose the porch because his wife and son suffered from respiratory ailments. The Supreme Court determined that the personal needs of the homeowner's wife and son did not amount to unnecessary hardship. *Kline.* The Supreme Court held that the trial court had erred in granting a variance to the homeowner.

More recently, this Court has addressed the applicability of *Yocum* and *Kline* to a porch which permissibly intruded on a twenty-foot setback line and which the owner sought to enclose. In *Angle v. Zoning Hearing Board of the Borough of Dormont,* 83 Pa.Commonwealth Ct. 52, 475 A.2d 1371 (1984), we held that *Kline* and not *Yocum* applied to the owner's variance request. We did so because the front yard area in *Angle* had never previously been occupied by an enclosed structure. Like *Kline,* only the front porch in *Angle* intruded upon setback lines. We explained that in *Yocum* both an unenclosed front porch and an enclosed part of the home's living room intruded upon the setback line. We declared our concern that pre-existing unobtrusive structural elements should not make inoperative zoning setback requirements aimed at preserving yard areas. *Angle.* We further distinguished *Kline* and *Angle* from *Yocum* on the grounds that *Yocum* applied to requests for permits and not for variances as did *Angle* and *Kline.*

Factually, this case is much like *Yocum.* The Applicant originally sought a permit from the Department of Licenses and Inspections. The Applicant desires a permit for the purposes of placing an addition above an already existing portion of his home which permissibly intrudes upon rear and side yard requirements. The deprivation of light and air caused by the canyon effects of the Applicant's addition would be minimal. The Objector's contention that the addition would deprive him of light and air is "more fanciful

than real." The Applicant appealed the refusal of his permit application.

Unlike *Yocum*, however, the Applicant's proposed addition violates the zoning ordinance. Section 14–104(10) of the Philadelphia Zoning Code requires new stories erected upon non-conforming structures to meet the yard, court, occupied-area, open-area and rear-yard area regulations "on the level upon which such new stories are being erected." Consequently, a variance is required.

The Applicant's addition would extend back to the rear edge of his home. At the Board hearing, the Applicant admitted that a portion of the rear of his home intrudes upon the rear-yard and open-court requirements. The Applicant acknowledged that his proposed addition would similarly fail to comply with rear-yard and open-court requirements. The addition, like its underlying structure, would fall three feet short of rear-yard and open-court requirements. (Hearing Transcript p. 20). The Applicant's addition would violate rear-yard and open-court requirements of the ordinance. For this reason, we reject the Board's argument that the grant of a variance to Axelrod can be affirmed on the basis of *Yocum* and apply the rule from *Kline* and *Angle*.

The Board in the present case also argued that the grant of Axelrod's variance can be substantiated on de minimis grounds. The de minimis doctrine is a narrow exception to the heavy burden of proof generally placed on a party seeking a variance. De minimis applies where only a minor deviation from the zoning ordinance is sought and rigid compliance is not necessary to protect the ordinance's public policy concerns. *Leonard v. Zoning Hearing Board of the City of Bethlehem*, 136 Pa.Commonwealth Ct. 182, 583 A.2d 11 (1990).

We have previously held that a five-foot variance from an eight-foot side yard requirement in a Philadelphia R–10 residential district was not de minimis. *Heilman v. Zoning Board of Adjustment of Philadelphia County*, 69 Pa.Commonwealth Ct. 157, 450 A.2d 318 (1982). More

recently, we held that a variance of thirteen percent of the open-area requirement in a very congested area in Philadelphia was not de minimis. *D'Amato v. Zoning Board of Adjustment of the City of Philadelphia*, 137 Pa.Commonwealth Ct. 157, 585 A.2d 580 (1991). During the hearing before the Zoning Board of Adjustment, Axelrod admitted that his addition would require a variance of thirty-three percent for rear-yard requirements and over sixty percent for open-court requirements. The grant of a variance in this case requires a significant deviation from the zoning ordinance. For this reason, we refuse the Board's assertion that the variance is de minimis.

Accordingly, we reverse the order of the trial court affirming the grant of a variance by the Board.

## ORDER

AND NOW, this 13th day of November, 1991, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter which affirmed the Zoning Board of Adjustment's grant of a variance is hereby reversed.