# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Kintner and Michelle Kintner :
:
v. : No. 532 C.D. 2018
: ARGUED: December 11, 2018
Zoning Hearing Board of :
Smithfield Township and :
Township of Smithfield :
:
Appeal of: Township of Smithfield :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                         FILED: January 14, 2019

Appellant Township of Smithfield (Township) appeals from the Court of Common Pleas of Monroe County's (Trial Court) March 6, 2018, Opinion and Order. Therein, the Trial Court reversed the Township Zoning Hearing Board's (Board) August 15, 2017 Decision. In that Decision, the Board denied the Kintners' challenge to a January 13, 2017 zoning enforcement notice which stated that Donald and Michelle Kintner violated the Township Zoning Ordinance's[1] prohibition against short-term rentals in the Township's R-1 (Low Density Residential) zoning district. In addition, the Trial Court determined that the Kintners' Airbnb activities,

---

[1] Smithfield Township Zoning Ordinance, Monroe County, Pa. (2016).

through which they rented some portion of their home on a short-term basis, constituted a valid, nonconforming use.[2] After careful review, we reverse.

## Facts and Procedural History

In 2008, the Kintners began advertising the rental of a portion of their home through Airbnb, a well-known company that facilitates non-traditional rentals between individual property owners and third parties via its website and related smartphone application. In return, Airbnb receives a cut of the rental proceeds that the property owners charge to the temporary renters. Notes of Testimony (N.T.), 7/17/17, at 24-28.[3] At that point in time, the permitted uses in the R-1 zoning district were:

> Conservation subdivisions; *One-family detached dwellings* (1 per lot); Commercial seasonal camps; Communications towers on municipal property; Forestry and forestry reserves, wildlife refuges; Membership clubs, camps and associations; and Municipal recreation and entertainment facilities on lots of 5 or more acres in the land area.

Zoning Ordinance § 302.

The Township became aware of the Kintners' rental listing and issued a zoning enforcement notice on August 5, 2011, for illegally renting out a "private vacation suite[.]" Trial Court Record (T.R.) at 117. The Township ordered the Kintners "to [c]ease and [d]esist all vacation rental operations within 10 days of

---

[2] The Board did not file its own appeal or formally intervene in this one; however, the Board did send a letter to the Commonwealth Court's Chief Clerk on August 27, 2018, in which it stated that it joined the Township's appellate brief, in full, but would "not be making any separate filings, nor participating in Oral Argument." Board Letter, 8/27/18, at 1.

[3] *Cf.* https://skift.com/2018/11/14/airbnbs-growth-is-slowing-amid-increasing-competition-from-booking-and-expedia (last visited January 7, 2019) (discussing Airbnb's business model).

receiving this . . . [n]otice." *Id.* Despite the citation, the Kintners continued to rent their home through Airbnb. N.T., 7/17/17, at 24-25.

On December 13, 2016, the Township amended its Zoning Ordinance to add a definition for "short-term rental[,]"[4] as well as to specifically prohibit such rentals in a number of areas, including in its R-1 zoning district. Reproduced Record (R.R.) at R103-R104.[5] Thereafter, Zoning Officer Kenneth Wolfe discovered the Kintners' still-active Airbnb listing and, on January 13, 2017, issued a second zoning enforcement notice, informing the Kintners that they were in violation of the Zoning Ordinance's aforementioned prohibition against short-term rentals in the R-1 zoning district. N.T., 7/17/17, at 15-16; T.R. at 16. This notice directed the Kintners to cease their rental operation immediately or suffer financial penalties, and informed them of their right to appeal the citation to the Board within 30 days of receipt. T.R. at 16.

On February 10, 2017, the Kintners appealed the January 13, 2017, zoning enforcement notice to the Board. The Kintners argued that the enforcement notice should be dismissed because they had been engaged in short-term rentals of their home since 2008, well before the Zoning Ordinance was amended to prohibit such

---

[4] SHORT[-]TERM RENTAL-a dwelling in which the owner rents any area of the dwelling to one (or more) individuals for compensation or fee of any type (whether or not involving overnight accommodations or separate sleeping quarters) for less than thirty (30) consecutive days. This definition applies to all types of residential dwellings including (but not limited to) single family residential, multi-family residential and residential properties commonly considered as seasonal homes, vacation homes or tourist homes.

Zoning Ordinance § 306 (quotation marks omitted).

[5] This December 13, 2016, amendment is only included in the Township's Reproduced Record and is not, for some reason, part of the Trial Court Record. *See* Reproduced Record (R.R.) at R103.

3

a use. Thus, according to the Kintners, they benefitted from the protections of a legal nonconforming use and should be permitted to continue their Airbnb activities. The Kintners also argued that the zoning enforcement notice was contrary to *Marchenko v. Zoning Hearing Board of Pocono Township*, 147 A.3d 947 (Pa. Cmwlth. 2016), which they claimed stands for the proposition "that an owner of a primary residence has the right to sporadically rent out their house as part of the incidental or ancillary rights as owner of a primary residence." T.R. at 114-15.

The Board held a public hearing on July 17, 2017 and received testimony from Zoning Officer Wolfe and Mr. Kintner, as well as statements from Diane Tharp and John Zimmerman, two of the Kintners' neighbors who opposed the Kintners' request for relief. N.T., 7/17/17, at 11-40.[6] At the end of this hearing, the Board voted to deny the Kintners' appeal and upheld the January 13, 2017, zoning enforcement notice. *Id.* at 49-51.

The Board issued its formal Decision on August 15, 2017, declaring that the Kintners' Airbnb activities did not constitute a valid nonconforming use, as their short-term rental operation did not fit within the Zoning Ordinance's definition of one-family detached dwelling. Decision at 5-7. In making this determination, the Board found that the Kintners' tenants did not qualify as part of a Zoning Ordinance-defined "family" and that the short-term rentals are a form of commercial enterprise that do not create a permanent, stable, or unified household as contemplated by the definition of "family." *Id.* In addition, the Board held that the facts in the Kintner matter were factually distinguishable from *Marchenko*, as well as *Slice of Life, LLC v. Hamilton Township Zoning Hearing Board*, 164 A.3d 633 (Pa. Cmwlth. 2017),

---

[6] Ms. Tharp and Mr. Zimmerman voiced concerns about the Kintners' short-term renters being a generally disruptive presence by, among other things, creating additional traffic and trespassing on neighboring properties. *See* N.T., 7/17/17, at 30-40.

4

*reargument denied* (Aug. 7, 2017), *petition for allowance of appeal granted*, 180 A.3d 367 (Pa. 2018), and *Shvekh v. Zoning Hearing Board of Stroud Township*, 154 A.3d 408 (Pa. Cmwlth. 2017), two other cases in which our Court found that short-term rentals were not barred by the applicable zoning ordinances. Decision at 7.

The Kintners appealed the Board's ruling to the Trial Court. The Trial Court took no additional evidence, deciding the Kintners' appeal based on the parties' briefs and the Board's Certified Record. Tr. Ct. Op. at 1-2. On March 6, 2018, the Trial Court reversed the Board and granted the Kintners' appeal, holding that the Board's denial of the Kintners' request for relief constituted an error of law. *Id.* at 10-11. In coming to this conclusion, the Trial Court discussed *Marchenko*, *Shvekh*, and *Slice of Life*, as well as *Reihner v. City of Scranton Zoning Hearing Board*, 176 A.3d 396 (Pa. Cmwlth. 2017), Tr. Ct. Op. at 5-8, synthesizing our holdings in those four cases as follows:

> The recent decisions of the Commonwealth Court have held that short-term rentals of single-family residences are permitted uses in a single-family residential district unless such short[-]term rentals are clearly prohibited by an ordinance with [*sic*] addresses them. The Commonwealth Court has reasoned that it is legal to rent a home in a single-family residential district, and the fact that the rental of the home is short-term does not run afoul of the ordinance by virtue of that fact alone.

Tr. Ct. Op. at 8. The Trial Court pointed out that the Board never made findings regarding the particulars of *how exactly* the Kintners rented their home and stated that "The record is devoid of any testimony or exhibits that describe [the overall arrangement,] other than that it was a "short-term rental."" *Id.* at 9. Consequently, "the [Board] did not have any facts before it on when the renters were there, where the Kintners were at the time[,] and how the Kintners conducted the details of their

5

rentals." *Id.* at 10.[7] On this basis, the Trial Court determined there was no proof that the Kintners' short-term rental operation was incompatible with the Zoning Ordinance's definition of "family," ruling that this venture consequently constituted a valid, nonconforming use of their home. *Id.*

This appeal by the Township followed.[8]

## Discussion

The pivotal issue for our consideration in the Township's appeal is whether the Board erred when it held that the Kintners' renting out of their home on a short-term basis did not constitute a valid, nonconforming use. *See* Township's Br. at 4, 13-27.

---

[7] Contrary to the Trial Court's assertion here, there *is* evidence of record, specifically reviews left on Airbnb's website by their guests, which sheds light on the particulars of the Kintners' short-term rental situation. Many of these reviews indicate that the Kintners rented out only a portion of their home, while others speak in more general terms. *See* R.R. at R81, R84-R85, R90 (describing the Kintners' Airbnb rental as being a "B&B," a "private studio," a "room," or a "suite"); *id.* at R79-R82, R84-R89 (describing the Kintners' Airbnb rental as a "getaway," or a "place"); *see also* N.T., 7/17/17, at 25-26 (Airbnb reviews entered into evidence during Board's July 17, 2017, hearing).

Furthermore, a number of these same reviews also indicate that the Kintners remained on-premises when the renters were staying at their home. *See, e.g.*, R.R. at R79 ("Evenings we shared time with Don and Michelle [Kintner,] just chatting on the porch or sitting in front of the fire pit with a nice glass of wine."); *id.* at R84 (describing Mrs. Kintner as "the rolemodel [*sic*] for what is still RIGHT with our society. Personable, friendly, down-to-earth, very intelligent and knowledgable [*sic*] about the world—an excellent conversationalist.").

**However, as discussed *infra*, the precise details of the short-term rental situation are ultimately irrelevant, since *all* such rentals of R-1 zoned, one-family detached dwellings were impermissible under the pre-2016 amendment version of the Zoning Ordinance**.

[8] Since the Trial Court took no additional evidence, our standard of review is restricted to determining whether the Board committed an abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Bd. of Adjustment*, 462 A.2d 637, 639-40 (Pa. 1983). "We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence. . . . By 'substantial evidence' we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 640 (citations omitted).

In order to effectively address the substance of this matter, we must first discuss the rules governing the interpretation and application of zoning ordinances, and then articulate the definition of a valid, nonconforming use.

> Zoning ordinances are presumptively constitutional and valid, but "[r]estrictions imposed by zoning ordinances are, however, in derogation of the common law and (at times) of the liberties, rights and privileges guaranteed by the Constitution of the United States and the Constitution of Pennsylvania and therefore must be strictly construed." *Medinger Appeal*, . . . 104 A.2d 118, 120 ([Pa.] 1954). (Internal citations omitted.) As such, restrictions as to what a landowner may [or] may not do with his land must not be construed as to fetter the use of that land by implication. *Fidler v. Zoning Bd. of Adjustment of Upper Macungie Twp.*, . . . 182 A.2d 692 ([Pa.] 1962). "The permissive widest use of the land is the rule and not the exception, unless specifically restrained in a valid and reasonable exercise of the police power." *Id.*

> . . .

> Where doubt exists, or when there is an ambiguity in the ordinance, "the language of a zoning ordinance should be interpreted in favor of the landowner and against any implied extension of restrictions on the use of one's property." *Adams Outdoor Advertising, L.P. v. Zoning Hearing Bd. of Smithfield Twp.*, 909 A.2d 469, 484 (Pa. Cmwlth. 2006). Further, "zoning ordinances are to be liberally construed to allow the broadest possible use of land." *Ligo v. Slippery Rock Twp.*, 936 A.2d 1236, 1238 (Pa. Cmwlth. 2007); *see also Riverfront Development Group, LLC v. City of Harrisburg Zoning Hearing Board*, 109 A.3d 358 (Pa. Cmwlth. 2015). "The [zoning] Board has an obligation to construe the words of an ordinance as broadly as possible to give the landowner the benefit of the least restrictive use when interpreting its own zoning ordinance." *Id.* at 366.

> A zoning board is not a legislative body, and it lacks authority to modify or amend the terms of a zoning ordinance. *Hill v. Zoning Hearing Board of Maxatawny Township*, . . . 597 A.2d 1245, 1251 ([Pa. Cmwlth.] 1991).

7

> "[Z]oning boards . . . must not impose their concept of what the zoning ordinance should be, but rather their function is only to enforce the zoning ordinance in accordance with the applicable law." *Ludwig v. Zoning Hearing Board of Earl Township*, 658 A.2d 836, 838 (Pa. Cmwlth. 1995) (quoting *Appeal of Kline*, . . . 148 A.2d 915, 916 ([Pa.] 1959)). It is the legislative body of the city, town, borough, or township that possesses the authority to promulgate legislative acts of that governing body, and the promulgation of a zoning ordinance is just such a legislative act. *Ludwig*. Ergo, only the governing body may enact, modify, or amend the terms of a zoning ordinance.

*Slice of Life*, 164 A.3d at 640-41.

As for the definition of a valid, nonconforming use, it is well settled that this "is a use that predates the enactment of a prohibitory zoning restriction . . . [T]he right to continue a legal nonconforming use is entitled to the constitutional protection of due process." *Hunterstown Ruritan Club v. Straban Twp. Zoning Hearing Bd.*, 143 A.3d 538, 545 (Pa. Cmwlth. 2016) (internal citation omitted).

> The right to maintain a pre-existing nonconformity is available only for uses that were lawful when they came into existence and which existed when the ordinance took effect. Pre-existing illegal uses cannot become nonconforming uses with a protected right to exist upon enactment of a new ordinance prohibiting them. . . . It is the burden of the party proposing the existence of such nonconforming use to establish both its existence and legality before the enactment of the ordinance at issue.

*Hager v. W. Rockhill Twp. Zoning Hearing Bd.*, 795 A.2d 1104, 1110 (Pa. Cmwlth. 2002) (internal citation omitted).

Applying these legal principles to the instant appeal, we find that the Trial Court erred in holding that the Kintners' Airbnb activities constituted a legal, nonconforming use, as their short-term tenants did not qualify as part of a Zoning Ordinance-defined "family." In instances where "family" is defined in the relevant

8

zoning ordinance, that specific definition controls and shapes our review. *JALC Real Estate Corp. v. Zoning Hearing Bd. of Lower Salford Twp.*, 522 A.2d 710, 713 (Pa. Cmwlth. 1987); *see Slice of Life*, 164 A.3d at 640 ("Where a statute or ordinance defines a word or phrase, the court is bound thereby although such definitions may be different from ordinary usage."). Here, the pre-2016 amendment Zoning Ordinance defined "family," in relevant part, as being

> As many as six (6) persons living together as a single, permanent and stable nonprofit housekeeping unit, using all rooms in the dwelling and housekeeping facilities in common and having such meals as they may eat at home generally prepared and eaten together with the sharing of food, rent, utilities or other household expenses. Households or groups of more than six (6) persons living together shall not be considered families for purposes of the Chapter unless affirmative evidence is presented to indicate to the satisfaction of the Zoning Officer that the household or group meets the other criteria contained herein.

Zoning Ordinance § 1002 (2008) (amended 2016).

Given that the short-term Airbnb rentals necessarily involve remuneration to the Kintners from a series of transitory tenants, the Kintners' rental operation clearly violated pre-2016 amendment Section 1002's requirements regarding permanence, stability, unity, lack of profit motive, "using all rooms in the dwelling and housekeeping facilities in common" and "the sharing of food, rent, utilities or other household expenses by the household occupants." *See id.* Thus, from the moment the Kintners began offering a portion of their home for short-term rental through Airbnb, they were in violation of the Zoning Ordinance's requirement that a "family" reside in an R-1 zoned, one-family detached dwelling. Therefore, contrary to the Trial Court's holding, the Kintners were engaged in an illegal, nonconforming use of their home.

Additionally, the Trial Court's reliance on our decisions in *Marchenko, Shvekh, Slice of Life,* and *Reihner*, is misplaced, as those cases are factually distinguishable from the matter currently before us. In *Marchenko* and *Shvekh*, we deemed short-term rentals of single-family dwellings permissible because this did not contravene the relevant zoning ordinances' definitions of "family" or "single-family dwelling." *See Marchenko*, 147 A.3d at 950;[9] *Shvekh*, 154 A.3d at 414-15.[10] Similarly, *Slice of Life* can be differentiated because, unlike here, the pertinent zoning ordinance did not define a permissible "family" as a group of people using the entirety of a home in a non-profit fashion. *See Slice of Life*, 164 A.3d at 636-39.[11]

Furthermore, in *Marchenko*, *Reihner*, *Shvekh*, and *Slice of Life*, the property owners were cited for what we ultimately deemed to be inapplicable or nonexistent sections of the relevant zoning ordinances.

> [I]n each of th[e]se cases, this Court ruled that the zoning board overstepped its authority under its ordinance, "advance[ing] [*sic*] a new and strained interpretation of its

---

[9] In *Marchenko*, "family" was defined by ordinance as:

> One or more persons, related by blood, adoption or marriage, living and cooking together in a dwelling unit as a single housekeeping unit or a number of persons living and cooking together in a dwelling unit as a single housekeeping unit though not related by blood, adoption or marriage, provided that they live together in a manner similar to a traditional nuclear family.

147 A.3d at 950 (quoting Pocono Township Zoning Ordinance § 202).

[10] In *Shvekh*, "single-family dwelling" was defined by ordinance as "a detached building designed for or occupied exclusively by one family." 154 A.3d at 414 (quoting Stroud Township Zoning Ordinance, Article II, § 2.266(a)).

[11] In *Slice of Life*, "family" was defined by ordinance as: "One or more person, occupying a dwelling unit, related by blood, marriage, or adoption, living together as a single housekeeping unit and using cooking facilities and certain rooms in common." 164 A.3d at 637 (quoting Hamilton Township Zoning Ordinance, Article II, § 201.4).

> zoning ordinance in order to effect what it would like the ordinance to say," "shoe-horning" the use in question into an unsuitable existing category of uses in the ordinance.

*Reihner*, 176 A.3d at 402 (quoting *Shvekh*, 154 A.3d at 414-15). *See Reihner*, 176 A.3d at 402-04 (property owners were improperly cited for allegedly operating an ordinance-defined "bed and breakfast");[12] *Slice of Life*, 164 A.3d at 639-42 (improper citation for allegedly operating an ordinance-defined "hotel," as well as for offering "transient lodging" and "transient tenancies," neither of which were defined in the ordinance); *Shvekh*, 154 A.3d at 414-15 (improper citation for allegedly operating an ordinance-defined "tourist home"); *Marchenko* 147 A.3d at 951 (improper citation for allegedly operating an ordinance-defined "lodge").

By contrast, the only question here is whether the pre-2016 amendment Zoning Ordinance's definition of "family" is broad enough to encompass short-term tenants. It clearly is not. Therefore, the Trial Court improperly deemed the Kintners' short-term rentals to be a legal nonconforming use, as the Kintners were not authorized by the pre-2016 amendment Zoning Ordinance to rent their single-family home on a short-term basis, regardless of the particulars of the short-term rental situation.[13]

---

[12] Furthermore, the *Reihner* property owners were *only* cited for allegedly operating a bed and breakfast, *not* because short-term rentals were incompatible with the zoning ordinance's definition of "Single Family Detached Dwelling." *See Reihner*, 176 A.3d at 402-04.

[13] The Trial Court focused upon the Board's failure to make specific findings about the precise scope of the Kintners' rental (*e.g.*, whether tenants occupied the entire home or just a discrete portion, whether the Kintners resided elsewhere when they had tenants or remained on-premises, *et cetera*). *See* Tr. Ct. Op. at 9-10. However, such concern is misplaced, as short-term rentals *of any nature* do not fall within the pre-2016 amendment Zoning Ordinance's definition of "family."

**Conclusion**

For the aforementioned reasons, we reverse the Trial Court's ruling that the Kintners' short-term rental enterprise qualifies as a valid, nonconforming use of their home.[14]

_____
ELLEN CEISLER, Judge

---

[14] As we have resolved this matter in the Township's favor, we need not address its argument that the Kintners also violated the Zoning Ordinance by renting their home on a short-term basis without first obtaining a "non-conformance certificate" or a "change of use permit," or its claim that the Kintners' failure to appeal the 2011 zoning enforcement notice conclusively rendered their short-term rental operation unlawful under the pre-2016 amendment Zoning Ordinance. *See* Township's Br. at 20-21, 24-25.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donald Kintner and Michelle Kintner :
                                     :
          v.                         :     No. 532 C.D. 2018
                                     :
Zoning Hearing Board of              :
Smithfield Township and              :
Township of Smithfield               :
                                     :
Appeal of: Township of Smithfield    :


O R D E R


AND NOW, this 14th day of January, 2019, the Court of Common Pleas of Monroe County's March 6, 2018 Order is hereby REVERSED.


_____
ELLEN CEISLER, Judge